IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARK D. HOWARD § | |
| § | |
| V. § | |
| § | A-09-CA-684-SS |
| MICHAEL J. ASTRUE, § | |
| COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff's Original Complaint seeking reversal of the final decision of the Social Security Administration (Clerk's Doc. No. 5); Plaintiff's Brief in Opposition to the Commissioner's Decision (Clerk's Doc. No. 15); and Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 21). Also before the Court is the Social Security Record filed in this case (Cited as "Tr."). Both parties have consented to have the undersigned adjudicate the claims.

Plaintiff appeals from the Administrative Law Judge's determination that he is not "disabled" and presents for review two issues: (1) whether the Administrative Law Judge ("ALJ") failed to properly address Plaintiff's inability to respond appropriately to coworkers and supervisors in light of his non-exertional impairment of impulse control disorder; and (2) whether the ALJ erred in using Medical-Vocational Rule 202.21 as a framework for decision making.

**I. GENERAL BACKGROUND**

On March 17, 2005, Mark Howard (hereinafter referred to as "Plaintiff" or "Howard") filed an application for disability benefits and supplemental security income under Titles II and XVI of the Social Security Act (Tr. 164). Howard alleged disability beginning March 3, 2004 (Tr. 232). His claim was initially denied by Notice dated September 16, 2005 (Tr. 218), and again by Notice of Reconsideration dated December 15, 2005 (Tr. 210). Howard timely filed a request for a hearing

by an ALJ, which was held on May 9, 2007, in Austin, Texas (Tr. 209, 437). Howard testified at the hearing and was represented by his attorney, Martin Harry.[1] Ilene Gray, a vocational expert, and Dr. Barbara Felkins, a medical expert, also appeared and testified at the hearing (Tr. 437). The ALJ issued an unfavorable decision dated June 18, 2007, finding that Howard was not disabled within the meaning of the Act (Tr. 161-171). The Appeals Council declined Howard's Request for Review by Notice dated July 16, 2009, making it the Final Decision of the Commissioner (Tr. 7–9). On September 16, 2009, Howard brought the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying him benefits under the Act.

## II.  FINDINGS OF ADMINISTRATIVE LAW JUDGE

The ALJ found that Howard has the following severe impairments: coronary artery disease, obesity, psoriasis, hypertension, diabetes mellitus, and impulse control disorder (Tr. 170). The ALJ further found that Howard does not have an impairment or combination of impairments that meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4 (Tr. 170). In regard to residual functional capacity ("RFC"), the ALJ found that Howard has the RFC to lift or carry 20 pounds occasionally and 10 pounds frequently, push or pull limited to the same weight, stand or walk 6 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. Furthermore, Howard requires a sit/stand option, and he is limited to only occasionally climbing, balancing, kneeling, crouching, stooping, and crawling. In regard to mental limitations, the ALJ found that Howard has the ability to understand, remember, and carry out routine step instructions, and respond appropriately to supervisors and coworkers in jobs that do not require independent decision making. The ALJ also found that Howard has the mental capacity to perform work where interpersonal contact is only incidental to the work performed and public contact is not required (Tr.

---

[1] In this appeal, he is represented by Mary Ellen Felps.

170). After considering Howard's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Howard can perform (Tr. 171). Specifically, the ALJ found that Howard is capable of performing the requirements of occupations such as small product assembler (13,000 in Texas; 162,000 in the United States), semi-conductor package sealer (10,000 in Texas; 110,000 in the United States), and hardware assembler (6,000 in Texas; 80,000 in the United States) (Tr. 171). Accordingly, the ALJ found that Howard is not disabled as defined in the Act (Tr. 171).

### III. ISSUES BEFORE THE COURT

Howard contends that the ALJ's decision is not supported by substantial evidence and is not based upon the proper legal standards. Specifically, Howard argues that (1) the ALJ failed to properly address Plaintiff's inability to respond appropriately to coworkers and supervisors in light of his non-exertional impairment of impulse control disorder; and (2) the ALJ erred in using Medical-Vocational Rule 202.21 as a framework for decision making.

### IV. STANDARD OF REVIEW

In Social Security disability appeals, the limited role of the reviewing court, as dictated by 42 U.S.C. § 405(g), is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standard. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *James v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Courts weigh four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining

physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). However, the reviewing court cannot re-weigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Martinez*, 64 F.3d at 174. If supported by substantial evidence, the Commissioner's findings are conclusive and are to be affirmed. *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988).

## V. ANALYSIS

**A.     Did the ALJ fail to properly address Plaintiff's inability to respond appropriately to coworkers and supervisors in light of his non-exertional impairment of impulse control disorder?**

Under his first issue, Howard argues that the ALJ erred in finding that he could respond appropriately to coworkers and supervisors while at the same time finding that he suffers from impulse control disorder. In support, Howard cites to a remote medical record from Austin-Travis County Mental Health and Mental Retardation (MHMR) dated September 24, 1997 (in excess of six years prior to his alleged disability onset date), prepared by a Mr. Ray Johnson. In this record, Mr. Johnson indicated that he believed Howard had a GAF score of 40.[2] *See* Pl.'s Br. at 6. Notably, this GAF was prepared before Plaintiff had even seen a doctor at MHMR (Tr. 22). Additionally, Mr. Johnson's assessment of Plaintiff would not be deemed to be from an acceptable medical source for

---

[2]The GAF is a numerical score from 0 to 100 that considers the "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders IV-TR, p. 34 (4th ed. 2000).

purposes of establishing whether Plaintiff has a medically determinable impairment. *See* 20 C.F.R. §§ 404.1513, 416.913.

More importantly, there is substantial evidence to support the mental limitations found by the ALJ in making his RFC determination. As noted by the ALJ, Howard was seen by the consultative psychological examiner, Dr. Dinkins, in July 2005, who assessed Howard with a GAF of 70 (Tr. 168).[3] Dr. Dinkins evaluation confirmed that Howard was able to engage in a full range of daily activities, but that he does have some limitations in social functioning and concentration/attention (Tr. 168).

The ALJ considered this evidence and found that Howard's impulse control disorder resulted in only mild limitations in activities of daily living, moderate limitations in social functioning, moderate deficiencies in concentration, persistence, and pace, and no instances of decompensation. Thus, despite some limitations, Howard still had the ability to respond appropriately to supervisors and coworkers in jobs that do not require independent decision making, and the ability to perform work where interpersonal contact is only incidental to the work performed and public contact is not required.

Because substantial evidence supports the mental limitations found by the ALJ, the findings are conclusive and are to be affirmed. *Crowley*, 197 F.3d at 197. Thus, this argument is not grounds for remand.

---

[3] A GAF of 61-70 indicates: "Some mild symptoms (e.g., depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." *See* Diagnostic and Statistical Manual of Mental Disorders IV-TR, p. 34 (4th ed. 2000).

**B.      Did the ALJ err in using Medical-Vocational Rule 202.21 as a framework for decision making?**

Under his next issue, Howard complains that the ALJ used Medical-Vocational Rule 202.21 as a framework for decision making, when he should have used Rule 201.09. In response, the Commissioner argues that not only is the ALJ's decision supported by substantial evidence, including persuasive testimony by the vocational expert, but Plaintiff fails to establish harm from any alleged error in applying the incorrect Medical-Vocational Rule.

As noted by the Commissioner, Fifth Circuit case law establishes that "[p]rocedural perfection in administrative proceedings is not required. This Court will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). In this case, the medical evidence supports the ALJ's finding that Howard has not exhibited a disabling impairment, the vocational expert testified that a jobs exist in significant numbers for an individual with Howard's vocational profile, and Howard has failed to demonstrate that remand for further administrative proceedings would result in the Agency finding Howard is disabled. Thus, Howard is not entitled to remand.

## VI.  CONCLUSION

In light of the foregoing, the undersigned Magistrate Judge **AFFIRMS** the final decision of the Commissioner and **ENTERS JUDGMENT** in favor of the Defendant.

SIGNED this 4th day of June, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE